# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 29, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| JEFFREY W. SPRENGER, | * | PUBLISHED |
| | * | |
| Petitioner, | * | No. 18-279V |
| | * | |
| v. | * | Special Master Nora Beth Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Damages Award; Pneumococcal Conjugate |
| AND HUMAN SERVICES, | * | ("Prevnar 13") Vaccine; Guillain-Barré |
| | * | Syndrome ("GBS"). |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

Cary Michael Toland, Herrman and Herrman, PLLC, Brownsville, Texas, for Petitioner.
Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES BASED ON PROFFER[1]

On February 22, 2018, Jeffrey W. Sprenger ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleged that he suffered Guillain-Barré Syndrome ("GBS") as the result of an influenza ("flu") vaccination he received on October 9, 2016 and a pneumococcal conjugate ("Prevnar 13") vaccination he received on April 12,

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018).  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

2017.[3]  Petition at Preamble, ¶¶ 2, 16 (ECF No. 1).  On November 14, 2023, the undersigned issued a ruling finding Petitioner entitled to compensation.  Ruling on Entitlement dated Nov. 14, 2023 (ECF No. 101).

On April 26, 2024, Respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  Proffer at 1.  Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards Petitioner:

**(1) A lump sum payment of $623,891.74 in the form of a check payable to Petitioner.  Of this total amount, $180,000.00 represents an award for actual and projected pain and suffering at net present value; $1,982.74 represents an award for past unreimbursed expenses; and $441,909.00 represents an award for loss of earnings.**

Proffer at 1.  This amount represents all elements of compensation to which Petitioner is entitled under § 15(a).  Id.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[4]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Special Master

---

[3] In his brief, Petitioner clarified his claim was based solely on the Prevnar 13 vaccination he received on April 12, 2017.  See Petitioner's Brief on Entitlement ("Pet. Br."), filed Mar. 21, 2023 (ECF No. 96).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

2

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JEFFREY W. SPRENGER, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 18-279V <br> Special Master Nora Beth Dorsey <br> ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On November 14, 2023, the Court entered its "Ruling on Entitlement," finding petitioner entitled to compensation. ECF No. 101. Respondent now proffers that petitioner be awarded a lump sum of **$623,891.74** in the form of a check payable to petitioner for all damages available pursuant to 42 U.S.C. § 300aa-15(a).[1] Of this total amount, $180,000.00 represents an award for actual and projected pain and suffering at net present value; $1,982.74 represents an award for past unreimbursed expenses; and $441,909.00 represents an award for loss of earnings.

Petitioner agrees with the proffered award of $623,891.74.[2] Petitioner is a competent adult. Accordingly, guardianship documentation is not required.[3]

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's November 14, 2023 Ruling on Entitlement.

[2] This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

s/ RYAN D. PYLES
RYAN D. PYLES
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-9847
ryan.pyles@usdoj.gov

Dated: April 26, 2024

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings, future expenses, and future pain and suffering.

2