# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: February 26, 2025)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| JEFFREY W. SPRENGER, | * | |
| | * | No. 18-279V |
| Petitioner, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Cary Michael Toland, Herrman and Herrman, PLLC, Brownsville, TX, for petitioner.
Ryan Daniel Pyles, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 22, 2018, Jeffrey W. Sprenger ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleged that he suffered Guillain-Barré Syndrome ("GBS") as the result of a pneumococcal conjugate ("Prevnar 13") vaccination he received on April 12, 2017. Petition at Preamble ¶¶ 2, 16 (ECF No. 1). On April 26, 2024, the parties filed a proffer, which the undersigned adopted as her decision awarding compensation on April 29, 2024. (ECF No. 117).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On July 1, 2024, Petitioner filed a final motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 123). Petitioner requests compensation in the amount of $168,292.09, representing $118,848.20 in attorneys' fees and $49,443.89 in attorneys' costs. Fees App. at 6; Amended Fees App. at 1.[3] Pursuant to General Order No. 9, petitioner warrants that he did not personally incur any expenses associated with the claim. Fees App. Exhibit (Ex.) B. Respondent filed his response on July 1, 2024, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 124). Petitioner filed supplemental documentation to support his fees motion on February 5, 2025. (ECF No. 127).

The matter is now ripe for disposition.

**For the reasons discussed below, the undersigned GRANTS IN PART petitioner's motion and awards a total of $138,637.59.**

### I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, because petitioner was awarded compensation pursuant to a proffer, he is entitled to a final award of reasonable attorneys' fees and costs.

#### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It

---

[3] Petitioner filed an Amended Motion for Attorneys' Fees and Costs on February 20, 2025, to include previously unbilled expert fees to his attorneys' costs request. (Amended Fees App.) (ECF No. 128)

is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests a total of $118,848.20 in attorneys' fees. Petitioner requests $533.00 per hour for all the work performed by his counsel, Mr. Cary Toland, from 2017-2024. Petitioner requests $195.00 per hour for all the work performed by the paralegals from 2017-2023. These rates require adjustment.

Although Mr. Toland has entered an appearance in three cases within the Vaccine Program, including this case (cases filed in 2013, 2015, and 2018), the undersigned has not identified any cases where Mr. Toland was awarded an hourly rate for attorney's fees between 2017 and 2024, thus his hourly rate has not yet been determined. The undersigned can look at the OSM Attorneys' Forum Hourly Rate Fee Schedule[4] and what other attorneys with similar experience have been awarded to determine the reasonableness of his rates. Mr. Toland has been a licensed attorney since 1992, placing him in the range of attorneys with between 20-30 years of experience for his time billed from 2017-2022, and 31 or more years of experience for his time billed in 2023 and 2024. The Forum Hourly Rate Fee Schedule provides that an attorney with 20-30 years of experience can be awarded a rate of $358.00-$424.00 per hour for 2017, $370.00-$439.00 per hour for 2018, $378.00-$448.00 per hour for 2019, $394.00-$467.00 per hour for 2020, and $414.00-$491.00 per hour for 2021; and an attorney with 31 or more years of experience can be awarded a rate of  $470.00-$525.00 per hour for 2022, $495.00-$533.00 per hour for 2023, and $523.00-$584.00 per hour for 2024.

For each year billed, except for 2024, Mr. Toland requests a rate that exceeds the OSM Attorneys' Forum Hourly Rate Fee. Based on Mr. Toland's number of years of experience practicing law, his limited and lack of recent Vaccine Program experience, and the OSM

---

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules (last visited February 13, 2025).

Attorneys' Fee Schedule, the undersigned finds cause to reduce Mr. Toland's requested hourly rates from 2017 to 2023. However, due to his experience gained over time, the undersigned awards his requested rate for 2024. As such, Mr. Toland is awarded the following rates: $380.00 per hour for work completed in 2017, $395.00 per hour for work completed in 2018, $410.00 per hour for work completed in 2019, $430.00 per hour for work completed in 2020, $460.00 per hour for work completed in 2021, and $480.00 per hour for work completed in 2022. He is awarded his requested rated of $533.00 per hour for work completed in 2024. This results in a reduction of **$16,346.35**.[5]

For paralegal work, petitioner requests $195.00 per hour for all time billed between 2017 and 2023. Fees App. at 3. This rate exceeds the Vaccine Program's published ranges for paralegals for the given timeframe, and therefore requires adjustment. The undersigned shall instead compensate all paralegal work performed between 2017 and 2023, at the following reduced rates: $140.00 per hour for 2017, 2018, and 2019, $150.00 per hour for 2020 and 2021, $160.00 per hour for 2022, and $180.00 per hour in 2023. These rates are more comparable to what a paralegal would receive for said years. This further reduces the amount of fees to be awarded by **$1,569.25**.[6]

### ii.  Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." Avera, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton ex rel. Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." Raymo v. Sec'y of Health & Human Servs., 129 Fed. Cl. 691, 703 (2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a

---

[5] (20.85 hours x ($533.00 – $380.00)) + (21.95 x ($533.00 – $395.00)) + (26.25 x ($533.00 – $410.00)) + (23.1 x ($533.00 – $430.00)) + (14.6 x ($533.00 – $460.00)) + (27.55 x ($533.00 – $480.00)) + (60.4 x ($533.00 – $500.00)) = $16,346.35.

[6] (9.5 hours x ($195.00 – $140.00)) + (2.75 x ($195.00 – $140.00)) + (7.75 x ($195.00 – $140.00)) + (0.75 x ($195.00 – $150.00)) + (0.3 x ($195.00 – $150.00)) + (10.6 x ($195.00 – $160.00)) + (3.4 x ($195.00 – $180.00)) = $1,569.25.

number that, in [her] experience and judgment, [is] reasonable for the work done." Saxton, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. See Broekelschen, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); Guy v. Sec'y of Health & Human Servs., 38 Fed. Cl. 403, 406 (1997) *3.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. However, the undersigned cautions petitioner's counsel to take note of the following issues. First, there are various entries for time completing administrative tasks. "Clerical and secretarial tasks should not be billed at all, regardless of who performs them." Paul v. Sec'y of Health & Human Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); see also Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates"). For example, time was billed for preparing records as exhibits, bates stamping, filing documents in CM/ECF, creating a "Dropbox" and forwarding materials, and uploading documents. See Fees. App., Ex. E at 1, 4, 5, 9, 10.

Additionally, counsel billed hourly rates for tasks which are typically performed by paralegals in Vaccine Program litigation, such as making additions to exhibits, and drafting notices of filing and exhibit lists. Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal. See, e.g. Doe/11 v. Sec'y of Health & Human Servs., No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing Missouri v. Jenkins, 491 U.S. 274, 288 (1989)); Mostovoy v. Sec'y of Health & Human Servs., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); Riggins v. Sec'y of Health & Human Servs., 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); Turpin v. Sec'y of Health & Human Servs., No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Given that the overall billing was reasonable in this case, no reductions will be made for these deficiencies. However, counsel is warned that these practices may result in a reduction in the future. Petitioner is therefore awarded final attorneys' fees of $100,932.60.

b.   **Attorneys' Costs**

Petitioner requests a total of $49,443.89 in attorneys' costs. This amount includes $31,202.38 in client advanced costs (acquiring medical records, postage, legal research, and expert fees) and unpaid finance charges; $400.00 for the Court's filing fee; $18.39 for additional postage; $76.95 for copies; $10,871.17 for origination fees and additional finance charges, and $6,875.00 in additional unreimbursed expert fees. Some of these costs require reduction.

First, there appears to be a duplicate charge of $131.90 requested for Republic Services San Antonio, LLC for acquiring medical records. See Fees App. Ex. F at 48. The "Client Expenses List" states that this invoice was paid with check number 27744, but there is no record of that check. See id. at 2. However, there is an identical expense that does have a corresponding invoice and check (number 27763). Id. at 2, 207-208. Accordingly, the duplicate request will not

be paid. This results in a reduction of **$131.90**. The undersigned has reviewed the remaining administrative costs including acquiring medical records, postage, legal research, the Court's filing fee, and copies and finds them to be reasonable.

Additionally, Petitioner requests attorneys' costs for two experts, Dr. Lawrence Steinman and Dr. Gary Pekoe with Medical Advisors, Inc. Technical Network Consulting Service. Petitioner requests $12,375.00 for expert services performed by Dr. Steinman, for 22.5 hours at a rate of $550.00 per hour. Fees App. Ex. N at 1. This rate is consistent with what Dr. Steinman has been previously awarded, and the undersigned finds it reasonable herein. See Scheffler v. Sec'y of Health & Human Servs., No. 19-260V, 2022 WL 16580270, at *6 (Fed. Cl. Spec. Mstr. Oct. 3, 2022). See, e.g., Payne v. Sec'y of Health & Human Servs., No. 20-0463V, 2023 WL 4854736, at *3 (Fed. Cl. Spec. Mstr. June 28, 2023); Morrison v. Sec'y of Health & Human Servs., No. 18- 386V, 2023 WL 1873254, at *7 (Fed. Cl. Spec. Mstr. Feb. 10, 2023); Anderson v. Sec'y of Health & Human Servs., No. 14-879V, 2020 WL 3495950, at *2 (Fed. Cl. Spec. Mstr. May 22, 2020). The full amount for his work shall therefore be awarded.

Petitioner requests $19,695.00 for expert services performed by Dr. Pekoe for 39 hours at a rate of $500.00 per hour. This amount also includes a one-time non-refundable administrative fee in the amount of $195.00. See Fees App. Ex. F at 53; Exs. I-M. This rate is consistent with what Dr. Pekoe has been previously awarded, and the undersigned finds it reasonable herein. See, Gartner v. Sec'y of Health & Human Servs., No. 17-1561V, 2022 WL 1078010 at *3 (Fed. Cl. Spec. Mstr. Feb. 22, 2022). Dr. Pekoe's hours are also reasonable. However, the $195.00 administrative fee appears to be administrative in nature has not been substantiated by the record. Without further information, the undersigned cannot ascertain the purpose of this cost, nor its reasonableness, and it will therefore not be compensated. See Nosches v. Sec'y of Health & Human Servs., No. 16-1657V, 2019 WL 1149944, at *3 (Fed. Cl. Spec. Mstr. Feb. 26, 2019) (finding that there was insufficient information to establish the purpose and reasonableness of a $400.00 "File set up fee"). This results in an additional reduction of **$195.00**.

Finally, petitioner requests a total of $11,412.00 in unpaid finance charges ($540.98), and origination fees and additional finance charges ($10,871.71) incurred from the use of AdvoTrac, a case expense funding service. Fees App. Ex. F at 49-52. The finance charges related to AdvoTrac are non-reimbursable because the Vaccine Program does not reimburse interest charges. See Kleva v. Sec'y of Health & Human Servs., No. 17-749V, 2019 WL 2156432, at *2 (Fed. Cl. Spec. Mstr. Mar. 18, 2019); Kollias v. Sec'y of Health & Human Servs., No. 16-868V, 2018 WL 6301793, at *3 (Fed. Cl. Spec. Mstr. Oct. 2, 2018). Moreover, administrative fees that are added to an existing balance are not reimbursable in Vaccine Program cases. See Jeffries v. Sec'y of Health & Human Servs., No. 99-670V, 2006 WL 3903710, at *18 (Fed. Cl. Spec. Mstr. Dec. 15, 2006) (holding that a finance charge applied to a total bill amounted to interest and that absent a waiver of sovereign immunity, "interest cannot be assessed against the United States." (citing Library of Congress v. Shaw, 478 U.S. 310, 317 (1986))). This results in an additional reduction of **$11,412.00**.

Accordingly, petitioner is awarded final attorneys' costs of $37,704.99.

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $118,848.20 |
| (Total Reduction from Billing Hours) | ($17,915.60) |
| **Total Attorneys' Fees Awarded** | **$100,932.60** |
| | |
| Attorneys' Costs Requested | $49,443.89 |
| (Reduction of Costs) | ($11,738.90) |
| **Total Attorneys' Costs Awarded** | **$37,704.99** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$138,637.59** |

**Accordingly, the undersigned awards $138,637.59 representing reimbursement for petitioner's attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[7]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.